ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 APR 18  PM 2: 28

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JONATHAN VASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-041 |
| | ) | |
| WILKES COUNTY BOARD OF EDUCATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff filed the captioned matter pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis* ("IFP"). Pleadings drafted by *pro se* litigants must be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous, malicious, or that fails to state a claim upon which relief may be granted. See 28 U.S.C. 1915(e)(2)(B)(i) & (ii).

### I.    ABUSE OF THE JUDICIAL PROCESS

However, before turning to the merits of Plaintiff's complaint, the Court must note a problem with his application for leave to proceed IFP. Under penalty of perjury, Plaintiff stated in his application that he has "three dogs" worth $3 million. (Doc. no. 4, p. 2). Plaintiff also listed these three dogs as "dependents." (Id.). The Court does not find Plaintiff's attempt to be cute amusing.

An application for permission to proceed IFP--again, made under penalty of perjury--

is not the proper place for a joke. To begin, it should be noted that "proceeding IFP in a civil case is a privilege, not a right." Rivera v. Allin, 144 F.3d 719, 724 (11th Cir. 1998). Indeed, as the Eleventh Circuit has explained, "[l]eave to proceed IFP is, and always has been, the exception rather than the rule. To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee." Id. at 722. To put the matter another way, "[l]eave to file a claim *in forma pauperis* has always been a matter of grace, a privilege granted in the court's discretion." Ibrahim v. District of Columbia, 208 F.3d 1032, 1036 (D.C. Cir. 2000). Thus, the Court properly denies leave to proceed IFP when an applicant fails to provide complete, truthful information regarding his financial status.

Simply put, the Court may dismiss the case when the plaintiff makes false statements in support of his application for leave to proceed IFP. See Dawson v. Lennon, 797 F.2d 934, 935 (11th Cir. 1986). Furthermore, the Court *must* dismiss the complaint if the plaintiff's "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). In addition, the Court may dismiss the case *with prejudice* if it finds that the plaintiff has acted in bad faith. Dawson, 797 F.3d at 935. Indeed, lying on an IFP application exposes the plaintiff "to the pains of perjury." Covington v. Cole, 528 F.2d 1365, 1372 n.13 (5th Cir. 1976)(quoting Pothier v. Rodman, 261 U.S. 307, 309 (1923)).

In short, the Court expects and demands that applicants for leave to proceed IFP take the application process seriously. More generally, the Court expects litigants to conduct themselves with the dignity, honesty, and decorum befitting judicial proceedings. Courts frown upon litigants who burden the administration of justice by treating IFP litigation as a "costless pastime." Ibrahim, 208 F.3d at 1036; see also Bergman v. Department of

2

Commerce, 3 F.3d 432, 435 (Fed. Cir. 1993)(noting that the *pro se* "recreational litiga[nt] misus[es] precious and limited resources better spent on claims of his fellow citizens to whom those resources belong"). The Court concludes that Plaintiff's frivolous IFP application is an abuse of the judicial process which disentitles him to proceed IFP.

## II. FRIVOLOUS COMPLAINT

Moreover, the instant complaint is itself frivolous. Plaintiff alleges that his civil rights were violated when: 1) he was allowed to drop out of school; and 2) another student was not punished for sending Plaintiff a "homosexual letter." (Doc. no. 1, p. 3). These claims are patently frivolous and do not merit discussion. Plaintiff also brings other salacious claims in his complaint which the Court will not dignify herein with further comment.

The instant complaint is one of five IFP suits Plaintiff has filed this year. To date, the Court has had an opportunity to screen two of them pursuant § 1915(e); neither complaint survived initial screening. See Vasquez v. Dep't of Juvenile Justice, CV 106-015, doc. no. 4, *adopted by* doc. no. 8 (S.D. Ga. Mar. 28, 2006); Vasquez v. Georgia State Patrol, CV 106-023, doc. no. 4 (S.D. Ga. Mar. 17, 2006)(recommending *sua sponte* dismissal). The Court warns Plaintiff that, should he continue such trifling and frivolous litigation conduct, the Court will consider the imposition of sanctions, notwithstanding his allegations of poverty. See Fed. R. Civ. P. 11; Murphy v. Collins, 26 F.3d 541, 544 (5th Cir. 1994); Mayfield v. Klevenhagen, 941 F.2d 346, 349 (5th Cir. 1991); Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989). As the Tenth Circuit has observed, "[t]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to

3

prosecute an action that is frivolous or malicious." Winslow v. Hunter, 17 F.3d 314, 315 (10th Cir. 1994)(*per curiam*). Put plainly, should Plaintiff continue to abuse his right of access to the Court, he will learn that "[l]ike any other pastime, recreational litigation has its price." Matter of United Markets Int'l, Inc., 24 F.3d 650, 656 (5th Cir. 1994)(quoting Gelabert v. Lynaugh, 894 F.2d 746, 748 (5th Cir. 1990)).

### III. CONCLUSION

In sum, Plaintiff has abused the judicial process, and his complaint is patently frivolous. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, and that Plaintiff's motions to proceed *in forma pauperis* (doc. nos. 2, 4) be **DENIED as MOOT**.

SO REPORTED and RECOMMENDED this 18th day of April, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE